UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Louis J. Pearlman, et al.,

    Debtor.
_____/

Soneet R. Kapila, as Chapter 11 Trustee for
Louis J. Pearlman Enterprises, Inc.,

    Plaintiff,

v.

Willis of New York, Inc., a New York
corporation,

    Defendant.
_____/

Case No. 6:07-bk-00761-ABB
Jointly Administered
Chapter 11

Adv. P. No. 6:09-ap-00719-ABB

## ANSWER

The Defendant, **Willis of New York, Inc.** ("Willis") by and through its undersigned counsel, responds to the Plaintiff's Complaint, as follows:

### Jurisdiction and Venue

1. Admitted for jurisdictional purposes only.

2. Admitted for venue purposes only.

3. Denied.

### The Parties

4. Without knowledge as to the allegations in this paragraph; therefore, denied.

5. Admitted that Defendant has a principal office in New York, New York; all other allegations are denied.

6. Denied.

**Factual Background**

7. Without knowledge as to the allegations in this paragraph; therefore, denied.

8. Without knowledge as to the allegations in this paragraph; therefore, denied.

9. Without knowledge as to the allegations in this paragraph; therefore, denied.

10. Without knowledge as to the allegations in this paragraph; therefore, denied.

11. Without knowledge as to the allegations in this paragraph; therefore, denied.

12. Without knowledge as to the allegations in this paragraph; therefore, denied.

13. Without knowledge as to the allegations in this paragraph; therefore, denied.

14. Without knowledge as to the allegations in this paragraph; therefore, denied.

**The Transfers**

15. Admitted that "Louis J. Pearlman Enterprises I Orlando FL 32801-3305" issued a payment to a practice group of Willis on June 28, 2005; all other allegations are denied.

16. Denied.

17. Without knowledge as to the allegations in this paragraph; therefore, denied.

**Count I**
**Avoidance and Recovery of Fraudulent Transfers by LJPE Under 11 U.S.C. §§ 544(B)(1) and 550 and Fla. Stat. §§ 726.105(1)(B), 726.106(1), and 726.108**

18. The Defendant realleges its answers contained in Paragraphs 1 through 17.

19. Admitted that this is an adversary proceeding to recover alleged fraudulent transfers. However, denied that there were any fraudulent transfers or that the Plaintiff is entitled to any relief.

20. Admitted that "Louis J. Pearlman Enterprises I Orlando FL 32801-3305" issued a payment to a practice group of Willis on June 28, 2005; all other allegations are denied.

21. Denied.

22. Without knowledge as to the allegations in this paragraph; therefore, denied.

2

23. Without knowledge as to the allegations in this paragraph; therefore, denied.

24. Without knowledge as to the allegations in this paragraph; therefore, denied.

25. Denied.

26. Denied.

27. Denied.

**WHEREFORE**, Willis of New York, Inc. respectfully requests this Court to enter judgment in its favor and for an award of its costs incurred in defending this action and for such other further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

LJPE received a benefit from the alleged payment to Willis of New York, Inc.

### Second Affirmative Defense

LJPE was solvent when the alleged payment was received by Willis of New York, Inc.

### Third Affirmative Defense

The alleged fraudulent transfer cannot be recovered because the proceeds will not benefit the unsecured creditors.

### Fourth Affirmative Defense

The alleged payment is not voidable because Willis of New York, Inc. took the payment in good faith and for reasonably equivalent value.

### Fifth Affirmative Defense

If the Court should find that the alleged payment is voidable, Willis of New York, Inc. is entitled to a lien or a right to retain an interest in the property, enforcement of any obligation incurred, or a reduction in this amount of the liability on the judgment to the extent the value

3

given for the transfer as this Defendant acted in good faith, all as provided pursuant to Florida Statute §726.109(4).

### Sixth Affirmative Defense

The alleged payment is not voidable as there is not at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. §502, who would have standing to assert a claim for relief under the Uniform Fraudulent Transfers Act.

### Seventh Affirmative Defense

Willis of New York, Inc., as a good faith transferee, has a lien on the subject property recovered to secure the costs to Willis of New York, Inc. of any improvement made after the transfer and for the increase in value of such property as a result of the improvement of the subject property transferred including, but not limited to, the payment of taxes.

### Eighth Affirmative Defense

This action is barred by application of the Doctrine of Laches.

### JURY TRIAL DEMAND

Willis of New York, Inc. hereby requests trial by jury on all issues so triable.

ORLA_1412713.1

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of this Answer has been furnished by electronic delivery, this 11th day of November, 2009, to: James E. Foster and Samual A. Miller, Esq., Counsel for Trustee, Akerman Senterfitt, 420 S. Orange Ave., Ste. 1200, Orlando, Florida 32801; Robert L. Young, Counsel for Sony/BMG, Carlton Fields, P.A., P.O. Box 1171, Orlando, Florida 32802-1171; Kim Rappaport, Counsel for Sony/BMG, Sony/BMG Music Entertainment, 550 Madison Avenue, New York, NY 10022; and Clay M. Townsend, Counsel for Movant, Aaron Carter, Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1600, Orlando, Florida 32801.

/s/ Kevin A. Reck_____
Kevin A. Reck
Florida Bar No. 0505552
kreck@foley.com
Megan M. Menagh
Florida Bar No. 0031540
mmenagh@foley.com
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801-2343
Telephone: (407) 423-7656
Facsimile: (407) 648-1743
Attorneys for Willis of New York, Inc.